FILED
CHARLOTTE, NC

DEC 1 2 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) DEUNTRIA LAMAR LYONS<br><br>(2) ALZAAH WADE | Docket No. 3:23-cr-267-KDB<br><br>BILL OF INDICTMENT<br><br>Violations     18 U.S.C. § 2<br>                   18 U.S.C. §1951 |

THE GRAND JURY CHARGES:

## COUNT ONE
*(Hobbs Act – Conspiracy to Interfere with Commerce by Robbery)*

From as early as May 2023 through and including December 2023, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants,

**(1) DEUNTRIA LAMAR LYONS** and
**(2) ALZAAH WADE,**

did knowingly and willfully combine, conspire, confederate and agree with other persons, known and unknown to the Grand Jury, to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants, **(1) DEUNTRIA LAMAR LYONS** and **(2) ALZAAH WADE,** and others, did unlawfully agree to take and obtain jewelry and other items of value belonging to businesses operating in interstate commerce, from the employees of those businesses, against those employees' will, by means of actual and threatened force, violence, and fear of immediate and future injury.

All in violation of Title 18, United States Code, Section 1951.

## COUNT TWO
*(Hobbs Act – Interference with Commerce by Robbery)*

On or about July 11, 2023, in Mecklenburg County, within the Western District of North Carolina, the defendants,

**(1) DEUNTRIA LAMAR LYONS and
(2) ALZAAH WADE,**

aiding and abetting other persons, known and unknown to the Grand Jury, did knowingly and intentionally obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants, **(1) DEUNTRIA LAMAR LYONS** and **(2) ALZAAH WADE**, did unlawfully take and obtain jewelry and other items of value belonging to Fink's Jewelers, a jewelry retail store, located in Huntersville, North Carolina, from the person and presence of an employee, against such employee's will, and by means of actual and threatened force, violence, and fear of immediate and future injury, in violation of Title 18, United States Code, Sections 1951 and 2.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 924 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 924 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All firearms and ammunition involved or used in such violations; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above: a forfeiture money judgment in the amount of at least approximately $500,000, such amount constituting the proceeds of the violations set forth in this bill of indictment.

A TRUE BILL

███████████████████
FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

*[signature]*

TIMOTHY SIELAFF
ASSISTANT UNITED STATES ATTORNEY